UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

Kevin Theriot 423068

Michigan Department of Corrections Prisoner.

(Enter above the full names of all plaintiffs, including prisoner number, in this action.)

FILED - MQ
March 27, 2019 1:16 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: mlc/ Scanned

2:19-cv-73
Gordon J. Quist, US District Judge
Maarten Vermaat, US Magistrate Judge

v. Janet T. Neff, Paul L. Maloney, Timothy P. Greeley, Gordon J. Quist, Robert J. Jonker, R. Guy Cole J.R., Uthman Cole, Uthman Clay, Uthman Siler, U.S. Court of Appeals 6th Circuit and U.S. District Court of Michigan Eastern and Western Judges.

(Enter above the full name of the defendant or defendants in this action.)

## COMPLAINT

I. Previous Lawsuits

CAUTION: The Prison Litigation Reform Act has resulted in substantial changes in the ability of incarcerated individuals to initiate lawsuits in this and other federal courts without prepayment of the civil action filing fee. Accurate and complete responses are required concerning your litigation history. Generally, a plaintiff's failure to accurately and completely answer the questions set forth below will result in denial of the privilege of proceeding *in forma pauperis* and require you to pay the entire $400.00 filing fee regardless of whether your complaint is dismissed.

A. Have you ever filed a lawsuit while incarcerated or detained in any prison or jail facility? Yes ☒ No ☐

B. If your answer to question A was yes, for each lawsuit you have filed you must answer questions 1 through 5 below. Attach additional sheets as necessary to answer questions 1 through 5 below with regard to each lawsuit.

1. Identify the court in which the lawsuit was filed. If it was a state court, identify the county in which the suit was filed. If the lawsuit was filed in federal court, identify the district within which the lawsuit was filed.

_____

2. Is the action still pending? Yes ☒ No ☐

    a. If your answer was no, state precisely how the action was resolved: _____

_____

3. Did you appeal the decision? Yes ☐ No ☐

4. Is the appeal still pending? Yes ☐ No ☐

    a. If not pending, what was the decision on appeal? _____

_____

5. Was the previous lawsuit based upon the same or similar facts asserted in this lawsuit? Yes ☐ No ☒

    If so, explain: _____

_____

II. Place of Present Confinement _____

If the place of present confinement is not the place you were confined when the occurrence that is subject of instant lawsuit arose, also list the place you were confined:

NA
_____

-1-

## III. Parties

### A. Plaintiff(s)

Place your name in the first blank and your present address in the second blank. Provide the same information for any additional plaintiffs. Attach extra sheets as necessary.

Name of Plaintiff **Kevin Theriot**

Address **Baraga Corr. Faci 13924 Wadaga Rd Baraga, MI 49908-9204**

### B. Defendant(s)

Complete the information requested below for each defendant in this action, including whether you are suing each defendant in an official and/or personal capacity. If there are more than four defendants, provide the same information for each additional defendant. Attach extra sheets as necessary.

Name of Defendant #1 **Janet T. Neff**
Position or Title **District Court Judge**
Place of Employment **U.S. District Court**
Address **229 Post Office and Federal Building P.O. Box 698**
Official and/or personal capacity? **Both**

Name of Defendant #2 **Paul L. Maloney**
Position or Title **District Court Court**
Place of Employment **U.S. District Court**
Address **229 Post Office and Federal Building P.O. Box 698**
Official and/or personal capacity? **Both**

Name of Defendant #3 **Timothy P. Greeley**
Position or Title **Magistrate Judge**
Place of Employment **U.S. District Court**
Address **229 Post Office and Federal Building P.O. Box 698**
Official and/or personal capacity? **Both**

Name of Defendant #4 **Gordon J. Quist**
Position or Title **District Court Judge**
Place of Employment **U.S. District Court**
Address **229 Post Office and Federal Building P.O. Box 698**
Official and/or personal capacity? **Both**

Name of Defendant #5 **Robert J. Jonker**
Position or Title **District Court Judge**
Place of Employment **U.S. District Court**
Address **229 Post Office and Federal Building P.O. Box 698**
Official and/or personal capacity? **Both**

-2-

## III. Parties

A. Plaintiff(s)

Place your name in the first blank and your present address in the second blank. Provide the same information for any additional plaintiffs. Attach extra sheets as necessary.

Name of Plaintiff  Vilvin Theriot

Address  Baraga Corr. faci 13924 Wadaga Rd Baraga MI 49908-9204

B. Defendant(s)

Complete the information requested below for each defendant in this action, including whether you are suing each defendant in an official and/or personal capacity. If there are more than four defendants, provide the same information for each additional defendant. Attach extra sheets as necessary.

Name of Defendant #1  R. Guy Cole J.R.
Position or Title  Circuit Court Judge
Place of Employment  U.S. Court of Appeals
Address  503 Potter Stewart U.S. Courthouse 100 East Fifth Street
Official and/or personal capacity?  Both

Name of Defendant #2  Unknown Cole
Position or Title  Circuit Court Judge
Place of Employment  U.S. Court of Appeals
Address  503 Potter Stewart U.S. Courthouse 100 East Fifth Street
Official and/or personal capacity?  Both

Name of Defendant #3  Unknown Clay
Position or Title  Circuit Court Judge
Place of Employment  U.S. Court of Appeals
Address  503 Potter Stewart U.S. Courthouse 100 East Fifth Street
Official and/or personal capacity?  Both

Name of Defendant #4  Unknown Siler
Position or Title  Circuit Court Judge
Place of Employment  U.S. Court of Appeals
Address  503 Potter Stewart U.S. Courthouse 100 East Fifth Street
Official and/or personal capacity?  Both

Name of Defendant #5 _____
Position or Title _____
Place of Employment _____
Address _____
Official and/or personal capacity? _____

-2- 1

## IV: Statement of Claim

State here the **facts** of your case. Describe how each defendant is personally involved. Include also the names of other persons involved, dates and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets if necessary.

Baraga's staff has declared they would not make me copies of this form so on 3-19-19 I had to take my shot to force them. The following tactics happen to all prisoners in Michigan, however I am only able to attest what has happened to me.

1. I'm being denied access to the courts by the courts and the following judges are removing themselves from a judicial capacity in order to protect the MDOC defendants in cases using illegal tactics. In Case No 217-W-160 under Judge Janet T. Neff; a preliminary injunction was filed pursuant to rule 65 asking for immediate health care not given that was needed because of a imminent danger, a temporary restraining order for relief from assaulting and sexual assaulting Baraga's staff, and immediate release from illegal segregation that was filed on 9-25-17. Despite the emergency alleged in the preliminary injunction, and authorized by Rule 65, the delay tactic was used until 4-4-18, bringing the pleadings close to violating Rule 4. The delay tactic was also used to render all motions in this case moot. Judge Neff also removed herself from a judicial capacity in this same opinion and order for partial dismissal on 4-4-18 by illegally raising a affirmative defense statute of limitations for defendants, violating Jones V. Dock. In this same opinion and order dealing with the illegally raised affirmative defense, she purposely erroneously categorized it as a failure to state a claim and not legally frivolous, dismissing it with prejudice so it couldn't be brought back up again. In this same opinion and order, she dismissed a non existent court access claim when none was raised in the first place. There was numerous deficiencies in Case No 217-W-160 due to legal writers mistakes, omitting several claims and defendants, claims such as court access, assault, and sexual assaults, and the very much need preliminary injunction then denied my right pursuant to Rule 15 to amend the complaint, again violating Jones V. Dock even though in a opinion and order dismissal of Case No 218-W-193 by Judge Gordon J. Quist and later referenced by Judge Paul L. Maloney in a opinion and order in Case No 218-W-92 both stated how the PLRA allows for a amended complaint to fix deficiencies. Also in this case, she failed to sanction Baraga's staff for failing to obey a court order. On 12-3-18 she orchestrated a plot with Baraga's staff to steal all my legal work related to these topics and physically assault me in retaliation, which happened. On 2-2-19 it was revealed to me by Baraga's staff that she has recently been their counsel for years. In Case No 218-W-92 under Judge Paul L. Maloney, a preliminary injunction was filed pursuant to rule 65 asking for immediate healthcare not given that was needed because of a imminent danger, a temporary restraining order for relief from assaulting and sexual assaulting Baraga's staff, and immediate release from illegal segregation filed on 6-25-18. Despite the emergency alleged in the preliminary injunction, and authorized by Rule 65, the delay tactic was used until 2-1-19. However before that delay which brought the pleadings close to violating Rule 4 and also rendering all the motions moot,

(Last Revised: June 2013)

On 10-16-18 he denied me informa pauperis today the informa pauperis even though a imminent danger claim was raised, the same claim that allowed me to proceed informa pauperis in Case No 2:17-CV-160. So the ABC avoidance tactic and turn down tactic was used and I filed a motion for reconsideration, that was granted on 11-20-18; which further extended the delay tactic and started the time aver to violate rule 4, which lead to more delay. In a opinion and order partial dismissal and partial service on 2-1-19, he stated I had a access of courts claim in Case No 2:17-CV-160 for denial of grievance usage was already dismissed, thus barring that claim in Case No 2:18-CV-92 for res judicata. However, the claim of access to the courts in Case No 2:18-CV-92 was not that claim and did not state or deal with any grievances whatsoever. In this way he used the ABC avoidance tactic by ignoring A, B and C by addressing C and D. In this same opinion and order he stated there was no purposed amendment complaint filed in Case No 2:18-CV-92, so he took that motion to amend the complaint as attached to the motion for supplement. There is indeed a proposed amended complaint. In this, he again avoided A, B and C by acknowledging a non existent C and D. In another order dated 2-1-19 denying my motion to change venue, he stated I was trying to change the venue to the eastern district. My motion to change venue did not state a change to the eastern district, it stated another district in another state. He again used the tactic of avoiding A, B, C by acknowledging a non existent C and D. In this same order denying my motion for default judgment it said my claims are entirely conclusory. I stated that I did it because defendants failed to respond to a request for a waiver of service, and the damages were taken directly from case law. In this he used the tactic of completely avoiding A, B and C. With each of these motions, he used the ABC avoidance tactic, and the turn down tactic. These two tactics were also used in denying the preliminary injunction motion, the illegal gang claim, the illegal segregation claim, sexual assaults and the supplement complaint motions. The delay tactic is being used on all the motions for reconsiderations. On 2-16-19 he called the defendants at Baraga and orchestrated a physical retaliation. All the defendants dismissed were done by the ABC avoidance tactic and turn down tactic. Specifically defendants Aaron Jeffrey, Cluster, Spruce, Meals were dismissed by using the serving defendant tactics. All the motions for reconsideration of the dismissals on 2-1-19 were sent on 2-8-19. Judge Paul L. Maloney did not want to acknowledge these motions and wanted to further delay the case, so he put out a order to stay all proceedings in order to mediate the case. I had also put out a motion to stay case to not serve the defendants until motions for reconsiderations are considered and granted. My stay was completelly ignored. The courts stay was on 2-13-19 and on this stay, it said if any party objects to the stay, do so in a affidavit and it will be removed. I immediately objected on 2-14-19, and this objection was completely ignored. Defendant Oh objected on 2-19-19 and the stay was officially removed on 2-22-19. Though the stay was removed, Judge Paul L. Maloney did not want to answer my motions for reconsideration to return claims and defendants that should have never been dismissed. So he rejected all those pleadings on 2-26-19 stating the stay even though the stay was removed on 2-22-19. Magistrate Judge Timothy P. Greeley, years ago first violated my constitutional rights to due process and court access in Case No 2:09-CV-149 when he used the illegal assessment tactic to contact the defendants in that case, off the record, where I did not have a representative present, and helped them rebuttal to a default entry. This was told on the rebuttal by assistant attorney general Christina Campbell. Magistrate Judge Timothy P. Greeley also drafted all the opinion in Case No 2:17-CV-160, drafting all the illegal orders that Judge Janet T. Neff signed, his name and signature was on each one. Because of this, he was named as a defendant in Case No 2:18-CV-92 and thus, he should not be presiding over it as the magistrate but he is. Case No 2:18-CV-92 and 2:18-CV-93 are the same cases, in 2:18-CV-93 a administrative order was filed remaining him as Magistrate. No such administrative order was given in Case No 2:18-CV-92. The opinion drafted to deny me informa pauperis status initially on 10-16-18 and the opinion to dismiss claims and defendants on 2-1-19 had no magistrate signature on it, but he secretly did it. To prove this, the orders that came on 2-22-19, 2-26-19 and any after, had his name and signature on it. This means he drafted a opinion remaining himself as a defendant using the ABC avoidance tactic.

ERIC STROMER
NOTARY PUBLIC, STATE OF MI
COUNTY OF HOUGHTON
MY COMMISSION EXPIRES Sep 9, 2025
ACTING IN COUNTY OF Baraga

3-14-19   Eric Stro...

3 of 8

[signature]
344449

Because of the illegal actions taken by the court named defendants, NO temporary restraining order was ever acknowledged, considered, and granted. Because of that, as aforestated, Baraga's staff kept on assaulting me, and sexually assaulting me. These incidents I put in cases 218-10-70, 218-10-71, 218-10-72, 218-10-93, 218-10-94, 218-10-95, 218-10-129, 218-10-130, 218-10-131, 218-10-160, 218-10-161, 218-10-162, 218-10-163, 218-10-164, 218-10-165, 218-10-166, 218-10-167, 218-10-187, 218-10-188, 218-10-189, 218-10-190, 218-10-191, 218-10-192. These cases were assigned to Judges Paul L. Maloney, Robert J. Jonker, Janet T. Neff, and Gordon J. Quist with magistrate Timothy P. Greeley. Though assaults and sexual assaults were forewarned throughout case No 217-10-160 and 218-10-92 and the preliminary injunctions, the ADC tactic of avoidance was used to ignore all those claims, and all but one was denied informa pauperis status eventhough they were all clearly related and I've always stated they were related. Motions for Reconsiderations, relief of judgments with affidavits attached were filed, and the ADC avoidance tactic was used to deny the ones answered while the delay tactic is being used on the rest. The refusal to acknowledge the preliminary injunction pursuant to Rule 65 allowed for all those cases to happen. Judge Paul L. Maloney's illegal dismissal of claims and defendants on 2-1-19, allowed for these new cases; 219-10-14, 219-10-15, 219-10-16, 219-10-17, 219-10-18, 219-10-20, 219-10-21, 219-10-24, 219-10-25, 219-10-26, 219-10-27, 219-10-28, 219-10-55, 219-10-56, 219-10-57, 219-10-58, 219-10-57, and 219-10-59. All these new claims happened because of no temporary restraining order consideration and granting due to Judge Paul L. Maloney illegal behavior using the ABC avoidance, delay, and Random tactics. The Defendants action was made bolder because the courts are clearly helping them act, this endures all the high profile defendants whom I contacted about the issues in Case No 218-10-92.

To further deny me access to the courts, in Case No 219-10-14 opinion and order dated 3-7-19, Judge Janet T. Neff ignored the PLRA rule that states a prisoner's allegations must be considered true, and called what I said as lies. Then in this same opinion and order, I read in its entirety the other new cases I sent, cases that she is not assigned to, cases that has not been ruled on yet, and called them all lies. She on record, called me a liar. This was done, first and foremost, because she is named as a defendant in one of these cases, protecting her own interest. Secondly, in hopes that her fellow judges, Paul L. Maloney, Gordon J. Quist, and Robert J. Jonker will use this opinion and reference it while screening the other new cases that she wasn't assigned to but illegally answered. If they reference this illegal and bias opinion and order, or rule similarly by ignoring the PLRA rule that states a prisoner's allegations shall be accepted as true, then they are clearly following the illegal bias trail she set out for them. With this illegal bias statement, she is no doubtedly trying to stop me from reporting future incidents if they happen, denying me access to the courts completely. Lastly, with this opinion and order, she is signaling to the MDOC defendants to not worry she is on their side and will not believe any future incidents reported. This further places me in danger and giving the MDOC a bigger green light then before. The preliminary injunction is needed now more than ever. I'm also getting blamed for trying to keep alive, all the dismissed cases that has always been related, incidents that happened to me. The court is acting like they never received all the 7 motions for reconsiderations sent 3 times after the illegal bias order of 2-1-19.

<u>Imminent danger claim</u>

2. I'm in imminent danger right now, more then ever before. First I'm seeing flows of blood in my feces, a issue I tried to get addressed in Case No 218-10-92 and 217-10-160 preliminary injunction, but due to the delay tactics, abc avoidance tactics, this issue was never addressed. So, as it stands, right now, because the preliminary injunction motion didn't have a order to show cause why treatment for it shall be immediately granted or denied, I'm still having flows of blood in my feces, a condition that could be hepatitis C or worse and could lead to a coma or death, a condition Baraga's staff is refusing me

3.2

Kevin O'Grant
3-14-19

ERIC STROMER
NOTARY PUBLIC, STATE OF MI
COUNTY OF HOUGHTON
MY COMMISSION EXPIRES Sep 9, 2025
ACTING IN COUNTY OF Baraga
3-14-19   Eric Stromer

any and all treatment... Five Judges are on treatment only, a polar injunction failed... ugh v. Roach 716 F.Supp 318 (D.D.C. 1990) Also, with the filing of Case No 2:17-cv-160 and 2:18-cv-92, I was in imminent danger and because of the judges delays, all the above cases happened. However, with Judge Janet T. Neff's new opinion and order on 3-7-19, she is placing my life much more in jeopardy. Because of cases 2:17-cv-160 and 2:18-cv-92, I'm placed around many enemies. Being placed around many enemies is enough to satisfy the imminent danger requirement, see Ashley v. Dilworth, 147 F.3d 715, 717, (8th Cir. 1998). Because I've been repeatedly assaulted and sexually assaulted, and placed them in Cases 2:18-cv-70, 2:18-cv-71, 2:18-cv-72, 2:18-cv-93, 2:18-cv-94, 2:18-cv-95, 2:18-cv-129, 2:18-cv-130, 2:18-cv-131, 2:18-cv-160, 2:18-cv-161, 2:18-cv-162, 2:18-cv-163, 2:18-cv-164, 2:18-cv-165, 2:18-cv-166, 2:18-cv-167, 2:18-cv-187, 2:18-cv-188, 2:18-cv-189, 2:18-cv-190, 2:18-cv-191, 2:18-cv-192, 2:19-cv-14, 2:19-cv-15, 2:19-cv-16, 2:19-cv-17, 2:19-cv-18, 2:19-cv-20, 2:19-cv-21, 2:19-cv-24, 2:19-cv-25, 2:19-cv-26, 2:19-cv-27, 2:19-cv-28, 2:19-cv-55, 2:19-cv-56, 2:19-cv-57, 2:19-cv-58, 2:19-cv-57, and 2:19-cv-59. and this is enough to also enough to satisfy the imminent danger requirement see Gibbs v. Roman, 116 F.3d 83, 84-86 (3d. Cir. 1997). Only a temporary restraining order will stop this. Baraga staff always knows whenever one of my cases are dismissed because a staff member always comments on it, this information always fed to them by the courts due to improper, off record communications.

### Court contradiction

3. All the cases listed and outlined in this complaint has always been related, and I've always said so. In the motion to recant and relief of judgment motions to all the dismissed ones, I again brought this to the courts and judges attention. In a response to that in a order in Case 2:18-cv-95 on 3-6-19, Judge Gordon J. Quist stated: the court has no duty to scour the record in Plaintiffs many other cases to determine whether his allegations in those cases suffice to demonstrate imminent danger in this case. Moreover, allegations against other officials who are not defendants in this case do not necessarily constitute evidence relevant to this case. Yet in Case No 2:19-cv-14 opinion and order, Judge Janet T. Neff did exactly this. She scoured through all the cases filed stating this is evidence that they are lies, and dismissed it. This is a direct contradiction, and courts only take a stance, only of its convest to dismiss a prisoner litigation, contradicting each other and other courts, and breaking rules as they see fit.

### Question of immunity

4. Judges are absolutely immune from damages awards in civil rights cases for acts taken in their judicial capacity unless they act in clear absence of all jurisdiction can they be held liable. Showing that the judge was wrong is not enough. You must show a complete departure from the judicial role. Mireles v. Waco, 502 U.S. 9, 11-13, 112 S.ct 286 (1992). Every Judge in this case are not impartial, and no longer in the judicial capacity. They are secretly performing as Baraga Staffs counsel representation.

### Attempted relief sought

5. A writ of mandamus, Case No 19-1045, and judicial complaints, 06-18-90010, and 06-18-90160 have been filed but have been delayed by the U.S. Court of Appeals, rendering them moot. See attached affidavit of tactics and this is related to suit against Court of Appeal judges.

3.3

ERIC STROMER
NOTARY PUBLIC, STATE OF MI
COUNTY OF HOUGHTON
MY COMMISSION EXPIRES Sep 9, 2025
ACTING IN COUNTY OF Baraga

3-14-19 Eric St

3-14-19

## IV. Statement of Claim

State here the **facts** of your case. Describe how each defendant is personally involved. Include also the names of other persons involved, dates and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets if necessary.

6. I'm being denied access to the courts by the courts and the following judges are removing themselves from a judicial capacity in order to protect the judges in the related 1983 complaint forms: Judges Janet T. Neff, Robert J. Jonker, Gordon J. Quist, Paul L. Maloney and Timothy P. Greeley of the U.S. District Court for the Western District of Michigan using illegal tactics, see the affidavit of tactics attached. In Case No 2:17-cv-160 under Judge Janet T. Neff, and 2:18-cv-42 under Paul L. Maloney, both judges used the ABC of avoidance, the delay, the turndown tactics, the illegal agreement and de-Kenny tactics, see the related complaint on this outlining exactly what and how. These tactics were written up in judicial complaints, 06-18-90016 for Judge Janet T. Neff in Case No 2:17-cv-160 and 06-18-90100 for Judge Paul L. Maloney in Case No 2:18-cv-42. The one on Janet T. Neff was filed around 2-27-18 and the one for Paul L. Maloney was filed around 10-22-18, both were assigned to Chief Judge R. Guy Cole. Both judges were delaying on acknowledging, considering, and granting the preliminary injunction pursuant to Rule 65 and were delaying that ruling and the ruling to proceed informa pauperis, each complaint was before those rulings. The Judge Neff one came first, and first it was denied using the ABC avoidance tactic. Usually this procedure is not given to prisoners, however I bypassed Judge R. Guy Coles J.R. bravery by not only appealing the ABC avoidance tactic dismissal, I sent a copy of it to the Judicial conference committee in Washington DC, only then was Judge R. Guy Cole J.R. forced to give me the process, now he is using the delay tactic. The rules states a answer shall come no more than 60 days, today date is now 2-13-19 and still no answer, no corrective action order the named judges to take. Also, a writ of mandamus was sent on 8-1-18. At first the U.S. Court of Appeals didn't respond, months went pass and the U.S. Court of Appeals didn't answer the two letters I sent inquiring about the case. Only when I sent a third letter, with a copy of the expedited legal mail and another copy of the writ of mandamus did they finally acknowledge it. They hoped because I sent the original copy to the U.S. Court of Appeals that it was my only copy. Only then did they acknowledge it. It was assigned to Judges Cole, Chief Judge Siler and Clay. They also used the delay tactic. Both the writ of mandamus and both Judicial complaints were filed before the District Court Judges Janet T. Neff in Case No 2:17-cv-160 and Paul L. Maloney in Case No 2:18-cv-42, ruled on any motions. The U.S. Court of Appeal Judges, R. Guy Cole J.R., Cole Siler, and Clay delayed verdicts until the district court stopped delaying and ruled on motions. The U.S. Court of Appeal

(Last Revised: June 2013)

Judges didn't want to hold the U.S. District Court judges accountable for following the rules. In both the writ of mandamus and judicial complaint, I wanted the U.S. Court of Appeals to compel the district court to take corrective actions to expeditiously hear the screening of my civil rights complaint, rulings on motions to proceed informa pauperis, for a temporary restraining order and a preliminary injunction. I also asked the courts to compel Judge Paul L. Maloney to quit using the ADC avoidance tactic, the delay tactic, the fundaum tactic, the illegal assessment tactic and the revising defendant tactics. Expedite consideration was warranted by the U.S. Court of Appeals and the U.S. District Court. This court, however, used the delay tactic which renders the writ of mandamus and judicial complaints moot. However, since this court delayed in compelling the U.S. District Court to be expedite and granting a temporary restraining order, these cases were able to happen: 2:18-CV-70, 2:18-CV-71, 2:18-CV-72, 2:18-CV-93, 2:18-CV-94, 2:18-CV-95, 2:18-CV-129, 2:18-CV-130, 2:18-CV-171, 2:18-CV-160, 2:18-CV-161, 2:18-CV-162, 2:18-CV-163, 2:18-CV-164, 2:18-CV-165, 2:18-CV-166, 2:18-CV-167, 2:18-CV-187, 2:18-CV-188, 2:18-CV-189, 2:18-CV-190, 2:18-CV-191, 2:18-CV-192, 2:19-CV-14, 2:19-CV-15, 2:19-CV-16, 2:19-CV-17, 2:19-CV-18, 2:19-CV-20, 2:19-CV-21, 2:19-CV-24, 2:19-CV-25, 2:19-CV-26, 2:19-CV-27, 2:19-CV-28, 2:19-CV-55, 2:19-CV-56, 2:19-CV-57, 2:19-CV-58, 2:19-CV-53 and 2:19-CV-59. These cases happened between the filing of the first and second judicial complaint and the writ of mandamus, and the U.S. Court of Appeals delay tactic created a injury. This court needs to answer for the delay tactic used that denied me access to the courts, creating a irreparable harm constitutional rights violations in the form of assaults and sexual assaults.

### Question of Immunity

7. Judges are absolutely immune from damages in civil cases for actions taken in their judicial capacity unless they remove themselves from a fair, impartial judicial capacity can they be held liable. This is what the named judges in this case did. They were secret counsel/lawyers for the offending judges.

### Imminent Danger Claim

8. Because the preliminary injunction to Case No 2:18-CV-92 was not acknowledged and addressed pursuant to Rule 65, and that it was dismissed using the ADC avoidance tactic and the motion for reconsideration is being delayed, I'm still seeing flaws of blood in my feces, and Baraga won't treat me. That I'm placed around known enemies and being assaulted and sexually assaulted repeatedly. Because of this, I am still in imminent danger when this is being filed.

9. As I've already stated, this is what has happened to me specifically. However with the help of other prisoners and their evidence, it will show the pattern of the courts using these tactics to completely deny a prisoner court access. This is not a conclusory accusation. Beyond the personal knowledge I just outlined, there's even more. I've been incarcerated since 2002 and been to thirteen different facilities and have talked to hundreds of prisoners during normal day to day courses of action. In the law libraries and discussing civil suits, I've learned and heard of many stories about the illegal and bias stuff the courts does. These tactics will be proven when other prisoners bring their evidence and show this purposeful pattern of illegal tactics.

3.5

ERIC STROMER
NOTARY PUBLIC, STATE OF MI
COUNTY OF HOUGHTON
MY COMMISSION EXPIRES Sep 9, 2025
ACTING IN COUNTY OF Baraga
3-14-19   En. S.

Kevin Grant
3-14-19

## V. Relief

State briefly and precisely what you want the court to do for you.

Because the ordinary injunction temporary restraining order was never acknowledged, considered and granted pursuant to Rule 65, all these cases were able to happen: 218-10-70, 218-10-71, 218-10-72, 218-10-93, 218-10-94, 218-10-95, 218-10-129, 218-10-130, 218-10-131, 218-10-160, 218-10-161, 218-10-162, 218-10-163, 218-10-164, 218-10-165, 218-10-166, 218-10-167, 218-10-187, 218-10-188, 218-10-189, 218-10-190, 218-10-191, 218-10-192, 219-10-14, 219-10-15, 219-10-16, 219-10-17, 219-10-18, 219-10-20, 219-10-24, 219-10-24, 219-10-25, 219-10-26, 219-10-27, 219-10-28, 219-10-55, 219-10-56, 219-10-57, 219-10-58, 219-10-53 and 219-10-59 all where Bangor staff has assaulted me and sexually assaulted me. I want to be financially compensated for what the courts and named judges help cause.

_3-13-19_
**Date**

_[signature]_
**Signature of Plaintiff**

### NOTICE TO PLAINTIFF(S)

The failure of a *pro se* litigant to keep the court apprised of an address change may be considered cause for dismissal.

(Last Revised: June 2013)



Kevin Trusto 423068
Baraga Corrfac.
13924 Wadaga Road
Baraga, MI 49908-9204

U.S. District Court
229 Post Office/Federal Building
P.O. Box 698
Marquette, MI 49855